IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

M. RICHARD LEOPOLD,                §
                                   §
        Plaintiff,                 §
                                   §
VS.                                §   CIVIL ACTION NO. H-92-3282
                                   §
THE CITY OF HOUSTON, TEXAS,        §
                                   §
        Defendant.                 §

## ORDER

Pending before the Court is Plaintiff Leopold's Motion To Reinstate (Docket Entry #28), filed on April 19, 1994, pursuant to the Court's conditional 90-day dismissal order of January 24, 1994. After consideration and a conference with the parties on this date, the Court hereby

ORDERS that Plaintiff Leopold's Motion To Reinstate is GRANTED. The following scheduling order is effective:

1) Parties are to notify the Court on or before August 15, 1994, if the issues have been resolved.

2) A joint pretrial order is due on or before September 15, 1994.

3) Final Pretrial Conference/Jury Selection and Trial (ETT: 3 Days) are set for October 11, 1994, at 9:00. a.m.

The Clerk shall enter this Order and provide a true copy to all counsel of record.

SIGNED at Houston, Texas, this _____ day of May, 1994.

MARY MILLOY
UNITED STATES MAGISTRATE JUDGE

**INITIAL PRETRIAL CONFERENCES AND SCHEDULING ORDERS**

Refer to Amended Local Rule 8. In cases filed after January 1, 1992 or as instructed by the court, counsel will prepare and file a joint Discovery/Case Management Plan in the form provided, before the initial pretrial conference. The parties may agree on additional deadlines for completion of pretrial matters and bring a proposed docket control order with them to the initial pretrial conference. At the conference, the court will enter a scheduling and docket control order.

The scheduling and docket control order will control the subsequent course of the case and shall not be modified except by leave of this court upon a showing of good cause.

If new parties are joined subsequent to the mailing of the order, the party causing such joinder shall provide copies of all orders previously entered in the case, along with the scheduling and docket control order and the court's procedures manual to the new parties.

**REQUIRED PRETRIAL MATERIALS.**

    A. **Joint Pretrial Order**

        Counsel for the plaintiff is responsible for ensuring that the Joint Pretrial Order is filed on time. A form Joint Pretrial Order is attached. This form may be adapted within reason to the size and type of case. Joint pretrial orders must be signed by all counsel.

        If plaintiff fails to file the Joint Pretrial Order, then the defendant is responsible for filing defendant's portions of a Proposed Pretrial Order. All parties are responsible for complying with all requirements of the Final Joint Pretrial Order.

        Failure to appear and/or timely file the Joint Pretrial Order will subject counsel and his or her client to sanctions, including dismissal for want of prosecution and/or other appropriate judgment.

B. **Other Required Documents**

**With the filing of the pretrial order,** the parties must also file as separate documents **IN DUPLICATE** (captioned, signed by counsel, and including a certificate of service):

(1) **For Jury Trials**

    a.    **A single, joint** set of proposed jury instructions or definitions and interrogatories.

        Each requested instruction or definition must be numbered and presented on a separate sheet of paper with authority. Counsel are to include all necessary instructions or definitions, **specifically** including precise details of (1) the *prima facie* elements of any cause of action asserted, (2) legal definitions required by the jury, (3) items of damages, and (4) methods of calculation of damages.

        Each proposed special interrogatory must be numbered and presented on a separate sheet of paper. Complete appropriate interrogatory forms will be set out in a document separate from the instructions.

        Even if the parties, in good faith, cannot agree on all instructions or interrogatories, the parties will nonetheless submit a single, **unified** charge. Each disputed instruction, definition, or interrogatory is to be set out in bold type or italics and identified as disputed. Each disputed item should be labelled to show which party is requesting the disputed language. Accompanying the charge will be all authority, citations or related materials upon which the offering party relies.

    b.    Memorandum of law.

(2) **For Non-Jury Trials**

    a.    Proposed findings of fact and conclusions of law.

    b.    Memorandum of law.

2

(3) For **All** Trials and Evidentiary Hearings

    a. Exhibit lists.

    b. Objections to exhibits.

    c. Witness lists.

**EXHIBITS**

A. All exhibits must be marked and exchanged among counsel *before* trial. The offering party will mark his own exhibits with the party's name, case number, and exhibit number on each exhibit to be offered.

B. Counsel requiring authentication of an exhibit must notify offering counsel in writing within five (5) business days after the exhibit is identified as a trial exhibit and made available for examination. Failure to do so is an admission of authenticity.

C. The court will admit all exhibits listed in the final pretrial order into evidence unless opposing counsel files written objections supported by authority at least three (3) business days before trial.

D. Counsel will not pass exhibits to the jury during trial without obtaining permission in advance from the court. All admitted exhibits will go to the jury during its deliberations.

E. Counsel for each party is required to provide the court with a copy of that party's exhibits in a properly tabbed and indexed notebook.

F. Counsel should become familiar with Local Rule 11.c. regarding disposition of exhibits following trial.

_____  
DATE May 20, 1994

_____  
MARY MILLOY  
UNITED STATES MAGISTRATE JUDGE